Dear Frank:
I am in receipt of your letter dated August 6, 1997, on behalf of the Orleans Parish School Board wherein you request an Attorney General's opinion concerning Act 319 and House Concurrent Resolution 245 of the 1997 Legislative Session. You state the following:
 1) Section 1, Schedule 20-XXX of the Supplemental Appropriations Bill [H.B. 2370, Act 319] contemplates a pay supplement to certain noncertificated support personnel. The Act clearly defines by object and function codes specified in Departmental Bulletin 1929 the positions which these noncertificated personnel are to hold. The legislature used the same object and function codes in the MFP concurrent resolution (H.C.R. 245) for a pay raise to these noncertificated personnel. (See IV, Level 3 (B)(1) — Legislative Pay Raise Enhancements.)
 2) The legislature also provided in H.C.R 245 a higher pay raise for teachers and other certificated personnel holding positions clearly defined by function and object codes. (See H.C.R 245, IV — Level 3 (A)(1) — Legislative Pay Raise Enhancements.) These codes, of course, are completely different from the codes covering additional compensation to noncertificated personnel.
 3) Despite the clearly defined positions in the foregoing measures, certain questions arise on how to compensate certificated personnel whose positions are included within the function and object codes for noncertificated support personnel. Correspondingly, the same positions which these certain certificated personnel hold are not included in the function codes for teachers and other certificated personnel.
You also state that the circumstances relating to these employees certification vary, but include the following situations:
 1. Personnel who hold teacher (or higher) certification and whom BESE and the School Board require such certification to hold the position, but who where not specifically identified by their code to receive a raise.
 2. Personnel who hold ancillary certification and whom at least the School Board requires such certification to hold that position, but not BESE.
 3. Teacher (or higher) certificated personnel who hold positions for which neither BESE nor the School Board require certification.
 4. Personnel who have ancillary certification, but hold positions for which neither BESE nor the School Board require such certification.
You request an Attorney General's opinion on behalf of the Superintendent as to whether the individuals who hold the positions as discussed above and are listed in your attachment should be treated as certificated personnel or noncertificated support personnel when implementing the pay supplement(s) established by the foregoing legislation.
I spoke with Marlyn Langley, Deputy Superintendent of the Office of Management and Finance for the Department of Education concerning this matter. In response to the first situation you described, I made an inquiry as to whether there are any full-time personnel that are required to be certificated but that were excluded from the list of certificated personnel. She indicated that the only position that she is aware of that was excluded is that of a personnel director.
H.C.R. 245 VIII(B) allows local school systems some flexibility regarding the use of the funding provided for in H.C.R. 245 IV(A)(1). It states:
B. Local System Flexibility Regarding Funding Above the $1,400 Cap
 Any excess funding provided above the $1,400 maximum per teacher obligation may be spent at the discretion of the local school system on other instructional enhancements for the classroom including instructional personnel salaries, instructional materials and supplies, textbooks, computers, etc. Expenditures on these other instructional items must be enhancements that supplement previously established activities or provide new activities. These funds cannot be used to supplant previous funding provided for instructional activities from any funding source. (Emphasis Added).
At the discretion of the Local School Board, Ms. Langley indicated that the funding that has been provided pursuant to H.C.R. 245 is more than sufficient to cover raises for all certificated personnel in Louisiana. Therefore, personnel directors may also be treated as other certificated personnel.
In response to the second situation you described, personnel who hold ancillary certification and whom the School Board requires but not BESE such certification to hold that position and whose position is not listed in Bulletin 1929 as being certificated are not entitled to the pay raise as described in H.C.R. 245 IV(A)(1) for certificated personnel. However, Orleans Parish can still provide a pay raise for these individuals with local funds or use any excess funding as provided for in H.C.R. 245 VIII(C).
H.C.R. 245 VIII(C) provides as follows:
C. Required Pay Raise — Noncertificated Staff
 Funds allocated for non-certificated personnel pay raises in Section IV.B of this Resolution shall only be used to supplement and enhance salaries. These funds cannot be used to supplant salaries being paid in 1996-97 or authorized for 1997-98 prior to the adoption and approval of this formula, including annual step increases. (Emphasis Added).
In response to your third situation, any funding provided by H.C.R. 245 IV(A)(1) or any excess funding as discussed in VIII(B) for certificated staff cannot be used for certificated personnel who hold positions for which neither BESE nor the School Board require certification to hold these positions. An example of when this situation might occur is when a certificated teacher holds a position as a bus driver. Since these employees are not required to be certified to hold these positions, if the Orleans Parish School Board chooses to provide additional compensation the Board needs to use any excess funds as provided for in H.C.R. 245 VIII(C) for non-certificated staff or local funds to do so.
In response to your fourth situation, we reach the same conclusion as we did in the third situation. The Orleans Parish School Board can provide additional compensation to these non-certificated employees with excess funds as discussed in H.C.R. 245 VIII(C) for non-certificated staff or local funds.
In regard to the employees that are entitled to a raise pursuant to Act 319, I am unaware of any provision that allows for the payment of a pay supplement to any noncertificated support personnel other than the personnel specified in Act 319. Therefore, strict application to the payment of a raise by object and function codes in this Act is required.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
Date Received: August 7, 1997BRDate Received: October 7, 1997SHDate Released:
BETH CONRAD LANGSTONASSISTANT ATTORNEY GENERAL ENROLLED
Regular Session, 1997
HOUSE BILL NO. 2370
BY REPRESENTATIVE LEBLANC
Act No. 319
AN ACT
To appropriate funds from certain sources to be allocated to designated agencies and designated purposes in specific amounts for the purpose of making supplemental appropriations for certain initiatives for the funding of said agencies and purposes during the 1996-1997 Fiscal Year and for retiring or defeasing debt of the state; to void a certain provision of Act 45 of the 1996 Regular Session of the Legislature; and to provide for related matters.
Be it enacted by the Legislature of Louisiana:
Section 1. The sum of One Hundred Forty-eight Million Two Hundred Eighty-four Thousand Three Hundred Five and No/100 ($148,284,305.00) Dollars is hereby appropriated out of the General Fund of the state of Louisiana to be allocated as hereinafter set forth for the purpose of making supplemental appropriations based on the governor's initiatives for the operation of said agencies during the 1996-1997 Fiscal Year and to provide for other designated purposes.
01-124 LOUISIANA STADIUM AND EXPOSITION DISTRICT
Payable out of the State General Fund (Direct) for advanced payment of FY 1997-1998 Superdome settlement payment $ 1,300,000
H.B. NO. 2370 ENROLLED
04-160 AGRICULTURE AND FORESTRY
Payable out of the State General Fund (Direct) to the Boll Weevil Eradication Fund $ 5,400,000
05-251 OFFICE OF THE SECRETARY
Payable out of the State General Fund (Direct) for a cooperative endeavor between the Department of Economic Development, Office of the Secretary and Louisiana Housing and Community Development Corporation, a nonprofit corporation domiciled in Baton Rouge, Louisiana for the public purpose of providing funding for housing and community development initiatives $ 4,000,000
This appropriation shall be administered by the Department of Economic Development, Office of the Secretary, hereinafter referred to as the department, solely as provided herein. None of the funds appropriated herein to the department shall be transferred to a recipient agency or entity which is not a budget unit of the state, unless and until the intended recipient of those funds presents to the Division of Administration and the department, a request therefor which includes a detailed project description and justification which shall include an analysis of need with corroborative data, a reasonable estimate of the date by which the project will be commenced and such other items or information required by the department. No funds shall be transferred to a recipient agency or entity until a cooperative endeavor agreement is executed. Any such cooperative agreement shall require each recipient agency or entity to provide written reports to the department at least every six (6) months concerning the use of funds received. In the event the department determines that the recipient failed to use the funds received by it as provided in the cooperative endeavor agreement the department may demand that any unexpended or unencumbered funds be returned to the state treasury unless approval to retain the funds is obtained from the Division of Administration and the Joint Legislative Committee on the Budget. Each recipient agency or entity shall be audited in accordance with R.S. 24:513. The department shall monitor and evaluate the use of funds to ensure compliance with the cooperative endeavor agreement. Transfers to recipient agencies or entities that have submitted a budget request to the Division of Administration in accordance with Part II of Title 39 of the Louisiana Revised Statutes and the Constitution of the state of Louisiana to local governing authorities shall be exempt from these provisions.
05-252 OFFICE OF COMMERCE AND INDUSTRY
Payable out of the State General Fund (Direct) for a grant for the UNO/Avondale Maritime Technology Center of Excellence $ 3,743,673
Payable out of the State General Fund (Direct) for Caddo Parish for construction of a testing facility and for infrastructure improvements for a manufacturing facility located in Shreveport $ 450,000
H.B. NO. 2370 ENROLLED
Payable out of the State General Fund (Direct) for Bienville Parish for land acquisition, planning design, engineering, utility relocation and other associated expenses relating to the location and construction of a poultry hatchery in north central Louisiana $ 2,700,000
Payable out of the State General Fund (Direct) for Lincoln Parish for storm water/drainage improvements associated with a feed mill in conjunction with the poultry hatchery in north central Louisiana $ 300,000
05-258 LOUISIANA ECONOMIC DEVELOPMENT CORPORATION
Payable out of the State General Fund (Direct) to the Louisiana Economic Development Fund for the Louisiana Economic Development Award Program $ 4,550,000
13-850 OFFICE OF THE SECRETARY
Payable out of the State General Fund (Direct) to the Municipal Facilities Revolving Loan Fund $ 5,400,000
18-583 FIREFIGHTERS' RETIREMENT SYSTEM — CONTRIBUTIONS
Payable out of the State General Fund (Direct) for payment of the outstanding balance of the claims settlement agreement by and between this retirement system and the state, be it more or less estimated at $ 6,600,000
18-584 MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM — CONTRIBUTIONS
Payable out of the State General Fund (Direct) for payment of the outstanding balance of the claims settlement agreement by and between this retirement system and the state, be it more or less estimated at $ 11,356,572
19-671 BOARD OF REGENTS
Payable out of the State General Fund (Direct) to the Higher Education Initiatives Fund, Center for Innovative Teaching and Learning Account, in the event that House Bill No. 1515 or Senate Bill No. 1281 of the 1997 Regular Session of the Legislature is enacted into law $ 1,000,000
Payable out of the State General Fund (Direct) to the Higher Education Initiatives Fund, Distance Learning Account, in the event that House Bill No. 1515 or Senate Bill No. 1281 of the 1997 Regular Session of the Legislature is enacted into law $ 3,000,000
H.B. NO. 2370 ENROLLED
Payable out of the State General Fund (Direct) to the Higher Education Initiatives Fund, Library and Scientific Acquisitions Account, in the event that House Bill No. 1515 or Senate Bill No. 1281 of the 1997 Regular Session of the Legislature is enacted into law $10,000,000
Payable out of the State General Fund (Direct) for the Challenge Grant Program for endowed professorships and chairs $ 8,600,000
19-662 LOUISIANA EDUCATIONAL TELEVISION AUTHORITY
Payable out of the State General Fund (Direct) for a one-time match for federal funds for purposes of providing a cost sharing of a transmitting tower with station KNOE in Monroe $ 600,000
20-XXX MISCELLANEOUS
Payable out of the State General Fund (Direct) to the Classroom-based Technology Fund in the event that House Bill No. 1911 or Senate Bill No. 1426 of the 1997 Regular Session of the Legislature is enacted into law $29,200,000
Payable out of the State General Fund (Direct) to the Classroom-based Technology Fund in the event that House Bill No. 1911 or Senate Bill No. 1426 of the 1997 Regular Session of the Legislature is enacted into law, such funds to be comprised of any State General Fund amount authorized for expenditure by the Interim Emergency Board which remains unspent on June 30, 1997 $ 9,000,000
Payable out of the State General Fund (Direct) to the School and District Accountability Fund for program development, technical assistance, and rewards in the event that House Bill No. 2068 or Senate Bill No. 824 of the 1997 Regular Session of the Legislature is enacted into law $ 3,000,000
Payable out of the State General Fund (Direct) to the Louisiana Charter School Start-up Loan Fund in the event that House Bill No. 2065 or Senate Bill No. 826 of the 1997 Regular Session of the Legislature is enacted into law $ 3,000,000
Payable out of the State General Fund (Direct) to the School Leadership Development Fund in the event that House Bill No. 1379 or Senate Bill No. 1176 of the 1997 Regular Session of the Legislature is enacted into law $ 1,000,000
Payable out of the State General Fund (Direct) to the Teacher Supplies Fund in the event that House Bill No. 1380 or Senate Bill No. 1130 of the 1997 Regular Session of the Legislature is enacted into law $11,400,000
Payable out of the State General Fund (Direct) to the Drinking Water Revolving Loan Fund in the event that Senate Bill No. 872 of the 1997 Regular Session of the Legislature is enacted into law $ 4,084,060
Payable out of the State General Fund (Direct) to the Teacher Preparation Loan Fund in the event that House Bill No. 1932 or Senate Bill No. 1224 of the 1997 Regular Session of the Legislature is enacted into law $ 1,600,000
Payable out of the State General Fund (Direct) to reimburse the Rapides Parish School Board for repairs to Buckeye High School and Buckeye Elementary School $ 200,000
Payable out of the State General Fund (Direct) to the Louisiana Technology Innovations Fund in the event that Senate Bill No. 1253 of the 1997 Regular Session of the Legislature is enacted into law $10,000,000
Payable out of the State General Fund (Direct) for a $150 for full-time and $75 for part-time employee salary supplement, to be adjusted pro rata in the event the total amount is insufficient, for all noncertificated support personnel defined in Department of Education Bulletin 1929 as aides (function code 1000-4900, object code 115), support supervisors (function codes 2130, 2300 (except 2311, 2321, and 2324), and 2500 through 4900, object code 111), clerical/secretarial (function codes 1000-4900, object code 114), service worker, including school bus drivers (function codes 1000-4900, object code 116), skilled craftsman (function codes 1000-4900, object code 117), degreed professional (function codes 1000-4900 except 2134, object code 118), and other personnel (function codes 1000-4900, object codes 100, 110, and 119), employed by the sixty-six public school systems, noncertificated unclassified support personnel at the La. School for the Visually Impaired, the La. School for the Deaf, the La. Special Education Center, the La. School for Math, Science and the Arts, the Southern University and LSU Lab Schools, SSD No. 1, and nonpublic lunchroom employees eligible for state salary supplements, provided that continued state funding for future fiscal years for this salary supplement shall depend upon the availability of revenues over and above the official forecast of revenues available for appropriation on May 27, 1997 $ 6,800,000
Section 2. The sum of Three Hundred Eighteen Million Thirty-nine Thousand and No/100 ($318,039,000.00) Dollars is hereby appropriated out of the General Fund of the state of Louisiana to the state treasurer, to be comprised wholly of cash recognized as available for appropriation by the Revenue Estimating Conference from the unreserved-undesignated general fund balance as identified in the "Comprehensive Annual Financial Report for the fiscal year ended June 30, 1996", and the sum of Forty-five Million Two Hundred Thousand and No/100 ($45,200,000.00) Dollars is hereby appropriated out of the State General Fund (Direct) to the state treasurer to be used solely and exclusively for the purpose of retiring debt or defeasance of bonds in advance and in addition to the existing amortization requirements of the state. The selection of specific bonds to be retired or defeased and all other actions required to accomplish the retiring or defeasance shall be effected pursuant to a plan adopted by the State Bond Commission. Additionally, the retiring of debt or defeasance of the selected bonds shall be effected no later than June 30, 1997.
The appropriation contained in this Section shall only become effective if, as, and when the Revenue Estimating Conference recognizes as available for appropriation such cash monies in the unreserved-undesignated general fund balance for the fiscal year ended June 30, 1996.
Section 3. The appropriation contained in Act 45 (House Bill No. 2) of the 1996 Regular Session of the Legislature to the Department of Social Services, Office of the Secretary from the State General Fund (Direct) for four million dollars ($4,000,000) is null and void and of no effect and the state treasurer is ordered to refuse to honor any warrant drawn upon such appropriation.
Section 4. This Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided in Article III, Section 18 of the Constitution of Louisiana. If vetoed by the governor and subsequently approved by the legislature, this Act shall become effective on the day following such approval.
 _______________________________________ SPEAKER OF THE HOUSE OF REPRESENTATIVES
 _______________________________________ PRESIDENT OF THE SENATE
 _______________________________________ GOVERNOR OF THE STATE OF LOUISIANA
APPROVED: __________________
Regular Session, 1997
HOUSE CONCURRENT RESOLUTION NO. 245
BY REPRESENTATIVE BRUN AND SENATORS BAGNERIS, BAJOIE, BARHAM, BEAN, BRANCH, CAIN, CAMPBELL, CASANOVA, COX, CRAVINS, DARDENNE, DEAN, DYESS, ELLINGTON, EWING, FIELDS, GREENE, GUIDRY, HAINKEL, HEITMEIER, HINES, HOLLIS, IRONS, JOHNSON, JONES, JORDAN, LAMBERT, LANDRY, LENTINI, MALONE, ROBICHAUX, ROMERO, SCHEDLER, SHORT, SIRACUSA, SMITH, TARVER, THEUNISSEN, AND ULLO
A CONCURRENT RESOLUTION
To provide for legislative approval of the formula developed by the State Board of Elementary and Secondary Education and adopted by the board on June 13, 1997, to determine the cost of a minimum foundation program of education in all public elementary and secondary schools as well as to equitably allocate the funds to parish and city school systems.
WHEREAS, Article VIII, Section 13(B) of the Constitution of Louisiana requires the State Board of Elementary and Secondary Education annually to develop and adopt a formula which shall be used to determine the cost of a minimum foundation program of education in all public elementary and secondary schools as well as to equitably allocate the funds to parish and city school systems; and
WHEREAS, at a special meeting of the State Board of Elementary and Secondary Education on June 13, 1997, the board adopted a formula for such cost determination and the equitable allocation of funds; and
WHEREAS, the board has indicated that the adopted formula considers all statutory and board policy requirements necessary to achieve an appropriate cost determination for a minimum education program as well as to equitably distribute the cost; and
WHEREAS, the board has recommended the implementation of the next year of a multiyear implementation of certain minimum foundation program concepts first approved by the legislature by the adoption of Senate Concurrent Resolution No. 223 of the 1992 Regular Session, Senate Concurrent Resolution No. 142 of the 1993 Regular Session, and Senate Concurrent Resolution No. 50 of the 1996 Regular Session; and
WHEREAS, the following goals are recommended for the minimum foundation program:
 GOAL 1 EQUITY — The school finance system in Louisiana provides equal treatment of pupils with similar needs with the requirement that local systems have a tax burden sufficient to support Level 1.
 GOAL 2 ADEQUACY — The school finance system in Louisiana provides programs and learning opportunities that are sufficient for providing a minimum educational program for every individual. By school year 1999-2000, the state will provide that all local school districts are funded in accordance with the minimum foundation program formula by both state and local revenue sources. A minimum program is established by the State Board of Elementary and Secondary Education and the legislature through the adoption of the minimum foundation program formula.
 GOAL 3 LOCAL CHOICE — The school finance system in Louisiana provides that local taxpayers and the school board establish the budget and set the tax levy for operating the schools above a set level of support for the minimum program.
 GOAL 4 EVALUATION OF THE STATE SCHOOL FINANCE SYSTEM
— The school finance system in Louisiana ensures the attainment of the goals of equity. adequacy, and local choice. Whereas the school finance system consumes significant state general fund revenues, it is important that the system be evaluated on a systematic basis annually.
 GOAL 5 PERFORMANCE MEASURES — The school finance system in Louisiana provides for accountability and efficiency maximizing student achievement. Accountability means that the local school districts can demonstrate that they are operating in conformance with state statutes. As the formula is being implemented, local school systems shall be accountable for improving the performance of students in accordance with state goals.
WHEREAS, to properly measure the achievement of the goals, a comprehensive management information system containing state-level and district-level components shall continue to be developed; and
WHEREAS, to provide accountability and to provide assistance, a fiscal accountability program and a management assistance program shall continue to be developed. The fiscal accountability program shall verify data used in allocating MFP funds and report fiscal information on the effectiveness of the manner in which the funds are used at the local school system level. The management assistance program, comprised of teams of state and local administrators, teachers, and business and industry representatives shall be charged by the State Board of Elementary and Secondary Education with assisting local school systems; and
WHEREAS, the Constitution of Louisiana requires the legislature to fully fund the current cost to the state of the minimum foundation program as determined by applying the legislatively approved formula; and
WHEREAS, this minimum foundation program formula is designed to provide greater equity and adequacy in both state and local funding of local school systems; and
WHEREAS, in the best interest of equity and adequacy, it is the intention of this formula to provide additional money to local systems currently "under funded" while temporarily freezing the state support to local systems currently "over funded"; and
WHEREAS, the Constitution of Louisiana requires the appropriated funds to be equitably allocated to parish and city school systems according to the formula as adopted by the State Board of Elementary and Secondary Education and approved by the legislature prior to making the appropriation.
THEREFORE, BE IT RESOLVED by the Legislature of Louisiana, that the formula developed by the State Board of Elementary and Secondary Education and adopted by the board on June 10, 1997, to determine the cost of a minimum foundation program of education in all public elementary and secondary schools as well as to equitably allocate the funds to parish and city school systems is hereby approved to read as follows:
 MINIMUM FOUNDATION PROGRAM ELEMENTARY AND SECONDARY EDUCATION COST DISTRIBUTION FORMULA 1997-98 SCHOOL YEAR
I. LEVEL 1 — COST DETERMINATION AND EQUITABLE DISTRIBUTION OF STATE AND LOCAL FUNDS
A. BASE FOUNDATION LEVEL 1 STATE AND LOCAL COSTS
1. October 1 Membership (as defined by BESE)
Plus
2. Add-on Students/Units
 a. At-Risk Students weighted at .17 — At-Risk students are defined for purposes of allocating funds as those students whose family income is at or below income eligibility guidelines or other guidelines as provided by BESE.
b. Vocational Education course units weighted at .05.
 c. Special Education — Other Exceptionalities students weighted at 1.50.
 d. Special Education — Gifted and Talented students weighted at .60.
 e. Economy of Scale curving weight of .20 at 0 student October 1 membership level down to zero at 7,500 student October 1 membership level.
EQUALS
3. Total Weighted Membership and/or Units (Sum of I.A.1 and I.A.2.a. through e.)
TIMES
4. State and Local Base Per Pupil Amount of $2,929. In the event no provision for an annual increase has been provided and this Resolution remains in effect in the Fiscal Year 2000-2001, BESE shall annually adjust the state and local base per pupil amount with approval by the Joint Legislative Committee on the Budget. If the Joint Legislative Committee on the Budget does not approve the rate established by BESE, then an annual growth adjustment of 3% shall be automatically applied to the state and local base per pupil amount beginning in the fiscal year 2000-2001.
EQUALS
5. Total Base Foundation Level 1 State and Local Costs (I.A.3 times I.A.4.)
B. PROPORTION OF BASE FOUNDATION LEVEL 1 COST ALLOCATED TO THE STATE 65 PERCENT AND LOCAL SCHOOL SYSTEMS 35 PERCENT
1. LOCAL EQUALIZATION FACTOR:
 Relative Wealth Index (RWI) x Proportion of State Weighted Membership
Local Equalization Factor
2. LOCAL SUPPORT OF FOUNDATION LEVEL 1 COSTS (Total aggregate of I.A.5. TIMES I.B.1. TIMES 35%):
 Local Equalization Factor x Base Foundation Level 1 Total State Local Costs x 35%
Local Support of Level 1 Cost
3. STATE SUPPORT OF FOUNDATION LEVEL 1 COSTS (I.A.5. MINUS I.B.2):
 Base Foundation Level 1 Cost — Local Support Level 1 Cost
State Support of Level 1 Cost
II. LEVEL 2-INCENTIVE FOR LOCAL EFFORT
A. LEVEL 2 ELIGIBLE LOCAL REVENUE
1. LOCAL REVENUE OVER LEVEL 1 LOCAL SHARE:
 Prior year revenues from Sales Tax, Property Tax (Including Debt Service), State and Federal Revenue in Lieu of Taxes, and 50% of Earnings on Property — Base Foundation Level 1 Local Cost
Local Revenue Over Level 1 Local Share
2. LIMIT ON STATE LEVEL 2 SUPPORT:
 Base Foundation Level 1 Cost x Set Limit (33%)
Limit on State Level 2 Support
3. LEVEL 2 ELIGIBLE LOCAL REVENUE:
The Lesser of:
 Local Revenue Over Level 1 (II.A.1.) or Limit on State Level 2 Support (II.A.2.)
B. STATE SUPPORT OF LEVEL 2 LOCAL FISCAL EFFORT
1. PERCENT STATE SHARE LEVEL 2:
 1 — [(1 — 40) x RWI]
Each District Percent Level 2 State Support
H.C.R. NO. 245 ENROLLED
2. STATE SUPPORT OF LEVEL 2 (II.A.3. TIMES II.B.1.):
 Level 2 Eligible Revenue x Each District Percent Level 2 State Support
State Support for Level 2
III. CONVERSION FUNDING FOR STATE FUNDED MFP LEVEL 1 AND LEVEL 2 AMOUNT
The implementation of the state share target of this formula will occur over a period of three years. Local school systems shall receive a state aid allocation based on the greater amount of the formula calculations identified as follows:
A. STATE FUNDED MFP LEVEL 1 AND 2 PER PUPIL AMOUNT — FY 1997-98
1. MFP State Share Target Per Pupil Amount
 (a) Current Year MFP State Share Target divided by Current October 1 Student Membership = MFP State Share Target Per Pupil Amount
 (b) MFP State Share Target Per Pupil Amount minus Prior Year MFP State Funded Per Pupil Amount with Adjustments. If positive, go to Section III.A.2. If negative, go to Section III.D.2.
 2. MFP Limited State Increase Per Pupil Amount Including Pay Raises for Certificated Personnel (defined in Section IV.A.1.(a)) for Low Wealth Districts.
 (a) Multiply positive remainder of pupil amount from III.A.1 times 23.5% = Unrestricted MFP Limited State Increase Per Pupil Amount.
 (b) Multiply positive remainder of per pupil amount from III.A.1. times a percent increase (calculated by the SDE after ensuring a minimum $1,000 per certificated employee pay raise in Section IV.A., not to exceed $80,000,000 when this section and IV.A. are combined to allocate Current Year MFP State Funded Amount) = Restricted MFP Limited State Increase Per Pupil Amount for Pay Raises for Certificated Personnel.
 3. Current Year MFP State Funded Per Pupil Amount = Per Pupil results from Section III.A.2(a) (b) added to prior year MFP State Funded Per Pupil Amount.
B. MFP LEVEL 1 AND 2 STATE FUNDED PER PUPIL AMOUNT — FY 1998-99
 In the event this Resolution is in effect for the 1998-99 Fiscal Year, the following shall apply for the MFP State Funded Per Pupil Amount:
1. MFP Limited State Increase Per Pupil Amount
 (a) Current year MFP State Share Target divided by Current October 1 Student Membership = MFP State Share Target Per Pupil Amount
 (b) MFP State Share Target Per Pupil Amount minus Prior Year MFP State Funded Per Pupil Amount with Adjustments. If positive, multiply times 67% = MFP Limited State Increase Per Pupil Amount. If negative, go to Section III.D.2.
 2. MFP Limited State Increase Per Pupil Amount Added to Prior year MFP State Funded Per Pupil Amount = Current Year MFP State Funded Per Pupil Amount.
C. STATE FUNDED MFP LEVEL 1 AND 2 PER PUPIL AMOUNT — FY 1999-2000
 In the event this Resolution is in effect for the 1999-2000 Fiscal Year and thereafter, the following shall apply for the MFP State Funded Per Pupil Amount:
 1. Current Year MFP State Share Target divided by Current October 1 Student Membership = MFP State Share Target Per Pupil Amount
 2. MFP State Share Target Per Pupil Amount minus Prior Year MFP State Funded Per Pupil Amount with Adjustments. If positive, MFP State Share Target Per Pupil Amount = Current Year MFP State Funded Per Pupil Amount. If negative, go to Section III.D.2.
D. MFP LEVEL 1 AND 2 STATE FUNDED AMOUNT
The greater amount of the following:
 1. Current Year MFP State Funded Per Pupil Amount times Current Year October 1 Membership = Current Year MFP State Funded Amount.
or
 2. Prior Year MFP State Funded Per Pupil Amount with Adjustments times Current Year October 1 Membership = Current Year MFP State Funded Amount. If this generates a greater MFP state funded amount than the prior year MFP state funded amount, then prior year MFP state funded amount will be used.
IV. LEVEL 3 — LEGISLATIVE PAY RAISE ENHANCEMENTS
 The following items are allocated to local school systems to perform specific duties in accordance with specific legislative initiatives and are reflected as an additional increase added to Section III.D. MFP State Funded Amount. In the event this Resolution remains in effect in the 1998-99 Fiscal Year or other years thereafter, any amount provided in this Section for the 1997-98 Fiscal Year is combined with and becomes a part of the MFP Prior Year State Funded Per Pupil Amount. This Section is not valid after the 1997-98 Fiscal Year.
A. Pay Raise Allocation for Certificated Personnel
 1. Each local school system shall receive an allocation of $1,000 per full-time personnel and $500 per part-time and sabbatical personnel employed on October 1, 1997, and defined in this Section. For purposes of the allocation of these funds, certificated personnel are defined per Department of Education Bulletin 1929 as:
 teachers (all function codes 1000-2200, object code 112); therapists/specialists/counselors (function codes 1000-2200, object code 113); supervisors of instruction, pupil support, or instructional staff services (function codes 1000-2200 except 2130, object code 111); assistant, associate or deputy superintendents (function code 2324, object code 111); principals, assistant principals, and other school administrators (function code 2400, object code 111); school nurses (function code 2134, object code 118); and sabbaticals (function code 1000-2200, 2324 and 2400, object code 140).
 2. Retirement Allocation — Each school system's total 1997-98 Section IV.A.1 pay raise allocation shall be increased by an amount sufficient to cover the employer's share of the Teachers Retirement System of Louisiana (TRSL) rate of 16.4 percent.
B. Pay Raise Allocation for Non-Certificated Support Personnel
 1. Each local school system shall receive an allocation or $350 per full-time support personnel and $175 per part-time support personnel employed on October 1, 1997, and as defined in this Section. For purposes of the allocation of these funds, non-certificated support personnel are defined per Department of Education Bulletin 1929 as:
 aides (function codes 1000-4900, object code 115), support supervisors (function codes 2130, 2300 (except 2311, 2321 
2324), and 2500 thru 4900, object code 111), clerical/secretarial (function codes 1000-4900, object code 114), service worker (function codes 1000-4900, object code 116), skilled craftsman (function codes 1000-4900, object code 117), degreed professional (function codes 1000-4900 except 2134, object code 118); and other personnel (function codes 1000-4900, object code 100, 110, and 119).
 2. Retirement Allocation — Each school system's total 1997-98 non-certificated support Personnel pay raise allocation shall be increased by an amount sufficient to cover the employer's share of the respective retirement system cost calculated at an average of 12.0 percent.
V. LEVEL 4 — LEGISLATIVE AT-RISK ENHANCEMENTS
 (All of Level 4 is Contingent Upon Specific Appropriation in the 1997-98 General Appropriation Bill to Provide State Funding for MFP At-Risk Enhancements)
 The following items are allocated to local school systems in an aggregate amount contingent upon legislative appropriation in 1997-98 to perform specific duties in accordance with specific legislative enhancements and are NOT reflected as an additional increase added to Section III.D. MFP State Funded Amount. In the event this Resolution remains in effect in the 1998-99 Fiscal Year or other years thereafter, any amount provided in this Section in total by enhancement is divided by the number of students meeting the specified criteria and a redistribution among school systems is made. Any amount provided in this Section for the 1997-98 Fiscal Year is NOT combined with NOR does it become a part of the MFP Prior Year State Funded Per Pupil Amount in any subsequent year.
 A. At-Risk Early Childhood Program — Each school system shall receive an allocation per student based on the latest October 1 membership for kindergarten students whose family income is at or below income eligibility guidelines or other guidelines as provided by BESE. The per pupil allocation is calculated by dividing the state aggregate number of students meeting the above criteria into the amount designated by the legislature for this enhancement. No school system shall receive an allocation below a prescribed minimum of $50,000 if this enhancement is specified by the legislature for funding. All programs operating with these funds shall adhere to program guidelines adopted by BESE for appropriate oversight and accountability.
 B. At-Risk Early Literacy Program — Each school system shall receive an allocation per student based on the latest October 1 membership for kindergarten through grade three students whose family income is at or below income eligibility guidelines or other guidelines as provided by BESE. The per pupil allocation is calculated by dividing the state aggregate number of students meeting the above criteria into the amount designated by the legislature for this enhancement. No school system shall receive an allocation below the prescribed minimum of $50,000 if this enhancement is specified by the legislature for funding. All programs operating with these funds shall adhere to program guidelines adopted by BESE for appropriate oversight and accountability.
 C. At-Risk Alternative Setting Program — Each school system shall receive an allocation per student based on 1% of the latest October 1 membership of students. The per pupil allocation is calculated by dividing the state aggregate number of students meeting the above criteria into the amount designated by the legislature for this enhancement. No school system shall receive an allocation below the prescribed minimum of $50,000 if this enhancement is specified by the legislature for funding. All programs operating with these funds shall adhere to program guidelines adopted by BESE for appropriate oversight and accountability.
VI. REQUIRED LOCAL SUPPORT FOR LEVEL 1
 By the year 2000, all local school systems are required to provide sufficient local revenue, from revenue items used in the calculation of the MFP formula, to meet Level 1 local share.
 Failure to provide the local support share will result in a proportionate percentage reduction in state aid.
VII. LOCAL SCHOOL SYSTEM FLEXIBILITY/INSTRUCTIONAL PARAMETERS
 A. 70% Local General Fund Required Instructional Expenditure
 To provide for appropriate accountability of state funds while providing local school board flexibility in determining specific expenditures, local school boards must ensure that seventy percent of the local school system general fund expenditures are in the areas of instruction. The definition of instruction shall provide for: (1) the activities dealing directly with the interaction between teachers and students to include such items as: salaries, employee benefits, purchased professional and technical services, instructional materials and supplies (to include no less than $27.02 per student), and instructional equipment; (2) pupil support activities designed to assess and improve the well-being of students and to supplement the teaching process; and, (3) instructional staff activities associated with assisting the instructional staff with the content and process of providing learning experiences for students.
 B. 70% Requirement by 1999-2000
 This formula is designed to attain full state funding by the year 1999-2000. At that same time, all local school systems are required to attain the goal of spending 70% of local general fund expenditures on instruction. This measurement will be made by the Department of Education as part of the annual audit and evaluation of the MFP formula. For school systems failing to meet this 70% standard by the 1997-98 Fiscal Year, the Department shall present a special report on those districts to both the House and Senate Education Committees by no later than March 15, 1999. Included in this report shall be responses from each of the school systems failing to meet this standard as to their plans for full compliance in the 1999-2000 year.
VIII. REQUIRED EXPENDITURE AMOUNT
A. Required Pay Raise — Certificated Staff
 Funds allocated for personnel pay raises in Section III.A.2. and Section IV.A. of this Resolution shall only be used to supplement and enhance salaries. These funds cannot be used to supplant salaries being paid in 1996-97 or authorized for 1997-98 prior to the adoption and approval of this formula, including annual step increases. In 1997-98, school systems are obligated to provide a minimum of $1,000 per full-time designated certificated employee as defined in Section IV.A. In addition, local school systems are required to provide an average full-time pay raise equivalent to the lesser amount of the following:
 1. An average amount per designated certificated employee based on the calculation of adding the designated certificated employee pay raises provided in Sections III.A.2. and IV.A., excluding amounts for part-time and sabbatical certificated personnel, divided by the number of designated certificated personnel employed in Fiscal Year 1997-98 less the minimum of $1,000 per full-time employee; or
 2. An average of $400 to cap the maximum pay increase at $1,400.
 B. Local School System Flexibility Regarding Funding Above the $1,400 Cap
 Any excess funding provided above the $1,400 maximum per teacher obligation may be spent at the discretion of the local school system on other instructional enhancements for the classroom including instructional personnel salaries, instructional materials and supplies, textbooks, computers, etc. Expenditures on these other instructional items must be enhancements that supplement previously established activities or provide new activities. These funds cannot be used to supplant previous funding provided for instructional activities from any funding source.
C. Required Pay Raise — Non-Certificated Staff
 Funds allocated for non-certificated personnel pay raises in Section IV.B. of this Resolution shall only be used to supplement and enhance salaries. These funds cannot be used to supplant salaries being paid in 1996-97 or authorized for 1997-98 prior to the adoption and approval of this formula, including annual step increases.
IX. ADJUSTMENTS FOR AUDIT FINDINGS AND DATA REVISIONS
 Adjusted monthly payments will be made to each parish or city school board as reflected in the department's annual Budget Letter. In the event a school board received less per month than it was actually entitled to during the first months of the school year, the monthly allotment for the remaining months of the fiscal year will be adjusted upward. The reverse applies if a school board has received more than it should have.
 Reviews of the districts' data used in determining their MFP allocation may result in changes in final statistical information. The MFP allocation adjustments necessary as a result of these audit findings will be made in the following school year.
X. MINIMUM FOUNDATION PROGRAM DEFINITIONS AND PROCEDURES
A. FORMULA DEFINITIONS/CALCULATIONS
1. State and Local Base Per Pupil Amount of $2,929. (In the event no provision for an annual increase has been provided and this Resolution remains in effect in the Fiscal Year 2000-2001, BESE shall annually adjust the state and local base per pupil amount with approval by the Joint Legislative Committee on the Budget. If the Joint Legislative Committee on the Budget does not approve the rate established by BESE, then an annual growth adjustment of 3% shall be applied to the state and local base per pupil amount beginning in the year 2000-2001.)
2. October 1 Membership — Membership of students on October 1 as defined by BESE.
3. At-Risk Student Weight — At-Risk student weight is defined for purposes of allocating funds as those students whose family income is at or below Income Eligibility Guidelines or other guidelines as provided by BESE times the weight factor of .17.
4. Secondary Vocational Education Unit Weight — The number of student units of secondary vocational education courses times the weighted factor of 0.05.
5. Special Education — Other Exceptionalities Weight
— The number of students identified as having Other Exceptionalities as reported in the October 1 membership count per LANSER times the weight factor of 1.50.
6. Special Education — Gifted and Talented Weight — The number of students identified as Gifted and Talented as reported in the October 1 membership count per LANSER times the weight factor of 0.60.
7. Economy of Scale Weight — A curving weight which is .20 at the zero student count level and zero at the 7,500 student count level. This weight will vary depending on the size of the school system. There will be no benefit to school systems with a membership of 7,500 or greater. The formula for this weight is:
(a) subtract each district's membership from 7,500;
 (b) divide this difference by 37,500 to get each district's economy of scale weight; and
 (c) multiply each district's economy of scale weight times their October 1 membership count.
8. Level 1 State and Local Program Cost — Sum of Items 2 thru 7 times Item 1.
9. Relative Wealth Index — Calculated using prior year tax rate and revenue data from the Annual Financial Report in a manner described in Section X.B.
10. Proportion State Membership — Each local school system's total weighted membership divided by the state total weighted membership.
11. Local Proration Factor — Item 9 multiplied by Item 10.
12. Local Share of Level 1 — Item 11 Local Proration Factor times the state aggregate Level 1 Program cost of Item 8 times 35%.
13. State Share of Level 1 — Item 8 Level 1 State and Local Program Cost less Item 12 Local Share of Level 1.
14. Prior Year Revenues from Sales Tax and Property Tax (Including Debt Service). State and Federal Revenue in Lieu of Taxes and 50% Earnings on Property from the Annual Financial Report of each public school system.
15. Local Revenue over Local Level 1 Support — Item 14 Prior Year Revenues less Item 12 Local Share of Level 1.
16. Limit on Level 2 — Thirty-three percent of Item 8 Level 1 State and Local Program Costs.
17. Eligible Revenue Level 2 — The greater amount of Item 15 Local Revenue over Local Level 1 Support not to exceed Item 16 Limit on Level 2.
18. Percent Level 2 State Funded — State percent support for Level 2 for each system calculated as follows:
 1 — [(1-S)Wi] S = Percentage the state chooses to pay (40%) in the school system of average wealth Wi = Relative Wealth Index of each school system
19. State Aid Level 2 — Item 17 Eligible Revenue Level 2 times Item 18 Percent Level 2 State Support.
20. MFP Limited State Increase Per Pupil Amount — Current year formula calculation of state share of MFP divided by current October 1 student membership less prior year per pupil amount. The difference is then multiplied by 23.5% which is then added to the prior year per pupil amount for Fiscal Year 1997-98, and 67% for 1998-99.
21. MFP Limited State Increase Per Pupil Amount for Certificated Pay Raises for Low Wealth Districts — Current year formula calculation of state share of MFP divided by current October 1 student membership less prior year per pupil amount. The difference is then multiplied by a percent to be determined by Section III.A.2. which is then added to the prior year pupil amount for 1997-98 along with Item 20.
22. Prior Year MFP State Per Pupil Amount — Data from Louisiana Department of Education prior year Budget Letter divided by the October 1 prior year student membership as adjusted by audit findings and Level 3 Pay Raises.
23. Current Year MFP State Funded Amount — The greater amount of: (1) the Item 20, MFP Limited State Increase Per Pupil Amount plus Item 21, MFP Limited State Increase Per Pupil Amount for Certificated Staff Pay Raises for Low Wealth Districts plus Item 22, Prior Year MFP State Per Pupil Amount times the current year October 1 student membership; or (2) Item 22, Prior Year MFP State Per Pupil Amount times the current year October 1 student membership, not to exceed the prior year MFP State Funded Amount.
B. RELATIVE WEALTH INDEX (RWI) DEFINITIONS/CALCULATIONS
1. Property Capacity as computed by multiplying the state average equivalent property tax rate (including debt service) by each school system's net assessed property value.
2. Sales Capacity is estimated by dividing the actual revenue amounts collected (including debt service) in the latest available fiscal year by the sales tax rate which was applicable and then multiplying each district's base by the state average sales tax rate.
3. Other Revenues Capacity is calculated by combining (1) State Revenue in lieu of taxes; (2) Federal Revenue in lieu of taxes; and, (3) 50% of Earnings on Property.
4. Combined Capacity is the sum of adding Items 1, 2 and 3.
5. Divide the Combined Capacity by the current year October 1 Weighted Membership as defined by Legislative Resolution and BESE.
6. Divide each school system's combined capacity per pupil by the state combined capacity per pupil. The resulting quotient is each school system's relative wealth index (formerly referred to as the RTS factor).
 ________________________________________ SPEAKER OF THE HOUSE OF REPRESENTATIVES
 ________________________________________ PRESIDENT OF THE SENATE